IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| THE VARIABLE ANNUITY LIFE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>CHAMBLISS R. WIGGINS,<br><br>CRAIG R. WILSON,<br><br>SATONYA G. WIGGINS, Individually and as Executrix of THE ESTATE OF GWENDOLYN K. BUTLER,<br><br>     Defendants. | CIVIL ACTION NO. 1:23-cv-204 |

**COMPLAINT FOR INTERPLEADER RELIEF**

Plaintiff The Variable Annuity Life Insurance Company hereby submits its Complaint for Interpleader Relief pursuant to Fed. R. Civ. P. 22 against Defendants Chambliss R. Wiggins, Craig R. Wilson, and Satonya G. Wiggins, Individually and as Executrix of the Estate of Gwendolyn K. Butler, and states as follows:

**Parties**

1.  Plaintiff The Variable Annuity Life Insurance Company ("VALIC") is a corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Texas.

1

2. Defendant Chambliss R. Wiggins is a citizen of the State of Georgia, residing in DeKalb County.

3. Defendant Craig R. Wilson is a citizen of the State of Georgia, residing in Dougherty County.

4. Defendant Satonya G. Wiggins is a citizen of the State of Georgia, residing in Sumter County.

## Jurisdiction and Venue

5. This Court has original jurisdiction of this civil action of interpleader pursuant to 28 U.S.C. § 1332(a). Complete diversity exists between VALIC and Defendants as VALIC is a citizen of Texas and Defendants are all citizens of Georgia. Furthermore, as set forth below, the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are residents of Georgia and one of the Defendants resides in Sumter County, Georgia, which is in the Middle District of Georgia, Albany Division pursuant to 28 U.S.C. § 90(b)(5).

## Factual Background

7. Gwendolyn K. Butler (the "Decedent") held two VALIC annuity accounts numbers ***1754 and ***6070 (the "Annuities").

8. On or about May 9, 2020, VALIC received a Beneficiary Designation Form for the Annuities. *See* May 9, 2020 Beneficiary Designation Form, attached hereto as **Exhibit A**.

9. The May 9, 2020 Beneficiary Designation Form designated Defendants Chambliss R. Wiggins, Son, and Craig R. Wilson, Son, as primary beneficiaries of the Annuities. *See id*. No contingent beneficiaries were designated. *See id*.

10. The Decedent died on June 16, 2023.

11. As a result of the Decedent's death, the Annuities' death benefits became due and payable to the beneficiary or beneficiaries.

12. On or about July 22, 2023, Defendants entered into an agreement whereby the Annuities' death benefits would be distributed one-third to each of them individually. *See* July 22, 2023 Agreement for Division of Assets of the Estate of Gwendolyn K. Butler, attached hereto as **Exhibit B**.

13. On or about August 16, 2023, Defendant Craig R. Wilson submitted a letter to VALIC stating he was rescinding the July 22, 2023 Agreement. *See* August 16, 2023 Letter from Craig R. Wilson to VALIC, attached hereto as **Exhibit C**.

14. On or about August 20, 2023, Defendant Craig R. Wilson submitted a claim to the Annuities' death benefits. *See* Death Claim Form, attached hereto as **Exhibit D**.

15. Defendant Satonya G. Wiggins asserts that the July 22, 2023 Agreement should control the disposition of the Annuities' death benefits.

16. Defendant Satonya G. Williams has also asserted that in the event the July 22, 2023 Agreement is not enforced, the Decedent's intent was for the Annuities' death benefits to be distributed to the Estate.

17. As of the date of filing, the combined value of the Annuities exceeds $75,000.

## Count One

## Interpleader Relief

18. VALIC incorporates Paragraphs 1-17 herein by reference.

19. As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the death benefit described above, and VALIC is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

20. VALIC is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and the potential for multiple litigation relating to the benefits due and owing under the Annuities.

21. VALIC neither has, nor claims, any interest in the death benefits due under the Annuities, and at all times has been willing to pay the death benefits to the person or persons entitled to them.

22. VALIC should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of VALIC.

23. VALIC has in no way colluded with any of the parties named herein concerning the matters of this case. VALIC has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

24. VALIC will seek leave to deposit into the registry of the Court the benefits due and owing under the Annuities, plus accrued interest, if any.

25. VALIC alleges that it is entitled to interpleader relief pursuant to Fed. R. Civ. P. 22, and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

## Relief Requested

WHEREFORE, Plaintiff The Variable Annuity Life Insurance Company requests the following relief:

a. That Defendants be enjoined from instituting or prosecuting against VALIC any proceeding in any state or United States Court or administrative tribunal relating to the death benefits payable under VALIC Annuity Account Numbers \*\*\*1754 and \*\*\*6070 in the name of Gwendolyn K. Butler and on account of the death of Gwendolyn K. Butler, and that said injunction issue without bond or surety;

b. That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the death benefits, or any part thereof, rightfully belongs, and how they make their claims thereto;

c. That this Court determine and declare the rights of the Defendants to the death benefits due and owing under VALIC Annuity Account Numbers \*\*\*1754 and \*\*\*6070 in the name of Gwendolyn K. Butler;

d. That this Court discharge VALIC of and from any and all further liability under VALIC Annuity Account Numbers \*\*\*1754 and \*\*\*6070 in the name of Gwendolyn K. Butler and on account of the death of Gwendolyn K. Butler;

e. That this Court enter an order awarding VALIC its attorneys' fees and costs in connection with this action, to be deducted from the death benefit due and owing under VALIC Annuity Account Numbers \*\*\*1754 and \*\*\*6070 in the name of Gwendolyn K. Butler;

f. That this Court excuse VALIC from further attendance upon this cause and dismiss VALIC from this case, with prejudice; and

g. That this Court grant VALIC such other and further relief as this Court deems just and equitable.

Dated: December 1, 2023                    Respectfully submitted,

                                                         /s/ *W. Preston Martin*
                                                         W. Preston Martin
                                                         Georgia Bar No. 950802

                                                         *Counsel for Plaintiff The Variable*
                                                         *Annuity Life Insurance Company*

**OF COUNSEL:**
BRESSLER, AMERY & ROSS, P.C.
2001 Park Place, Suite 1500
Birmingham, AL 35203
Tel: (205) 719-0400
Fax: (205) 719-0500
E-mail: pmartin@bressler.com

6